IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GUADALUPE CASTILLO, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:20-CV-1032 |
| AA BODY AND PAINT OF SAN ANTONIO, LTD., | § § § § § | |
| Defendant. | § | |

**PLAINTIFF GUADALUPE CASTILLO'S
ORIGINAL COMPLAINT AND JURY DEMAND**

### Introduction

1. This is an action for retaliation under the Families First Coronavirus Response Act (FFCRA), the Emergency Paid Sick Leave Act (EPSLA), and by extension, the Fair Labor Standards Act (FLSA). Plaintiff Guadalupe Castillo was formerly employed by Defendant AA Body and Paint of San Antonio, LTD. as a mechanic and body man. Plaintiff experienced COVID-19 symptoms and went on quarantine leave pursuant to instructions from a healthcare provider. However, after Plaintiff tested negative and was cleared to work after a required quarantine, Plaintiff attempted to return, but Defendant refused to take him back and instead terminated his employment, falsely claiming that Plaintiff failed to return to work. Plaintiff now brings this action for damages.

### Parties

2. Plaintiff Guadalupe Castillo is an individual residing at 811 Cantrell, Unit B, San Antonio, Texas 78221. He may be served with papers in this case through the undersigned counsel.

3. Defendant AA Body and Paint of San Antonio, LTD. is a limited partnership organized under the laws of the State of Texas. Defendant AA Body and Paint of San Antonio, LTD. maintains its principal place of business at 1702 E. Commerce St., San Antonio, Texas 78203. It may be served through its registered agent, Lillian Guerra, at 1702 E. Commerce St., San Antonio, Texas 78203.

### Jurisdiction and Venue

4. The Court possesses subject-matter jurisdiction over this case pursuant to 28 U.S.C. Section 1331 because Plaintiff brings his claim under a federal statute, the Emergency Paid Sick Leave Act, which is part of the Families First Coronavirus Response Act, and which incorporates by reference portions of the Fair Labor Standards Act. The Court has personal jurisdiction over Defendant, as Defendant is organized under the laws of the State of Texas and it conducts business in Texas. Venue is proper in the Western District of Texas because all of the events giving rise to Plaintiff's claims occurred in Bexar County.

### Cause of Action:  Retaliatory Discharge in Violation of FFCRA

5. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 4 supra.

6. Defendant is an employer within the meaning of the FFCRA and the EPSLA. Starting in December of 2018, Plaintiff was employed by Defendant as a mechanic and body man.

7. On or about May 4, 2020, Plaintiff reported to management that he was experiencing COVID symptoms. He was instructed to go to the community center for COVID

testing. Plaintiff did so the same day. Plaintiff was given a note instructing that he was to quarantine for one week (until May 12, 2020). Plaintiff promptly texted this note to Defendant. Plaintiff subsequently received a negative COVID test result and contacted Defendant to provide the news. Plaintiff attempted to return to work but was told that his return was subject to approval by Defendant's owner, Johnny Guerra. Plaintiff repeatedly attempted to reach Mr. Guerra to obtain approval to return to work, but Mr. Guerra refused to call Plaintiff back. Plaintiff would later learn through the Texas Workforce Commission that Defendant falsely claimed that Plaintiff abandoned his job. Defendant never paid Plaintiff the paid sick leave he was entitled to under the FFCRA.

8. Under Section 5104 of the FFCRA, as amended by Section 3611(8) of the CARES Act, a covered employer may not discharge, discipline, or otherwise discriminate against an employee who takes leave in accordance with the Act. An employer who willfully violates Section 5104 shall be considered to be in violation of section 15(a)(3) of the FLSA and is subject to the damages and penalties described therein.

9. Plaintiff avers that Defendant discharged his employment because he took leave in accordance with the FFCRA.

10. As a result of his illegal discharge from employment, Plaintiff has lost wages and benefits for which he now sues. Under the law, Plaintiff is also entitled to an award of liquidated damages as well as damages for emotional distress, mental anguish, humiliation, and damage to reputation. Finally, because Plaintiff has been forced to retain legal counsel to vindicate his federally-protected rights, Plaintiff is entitled to an award of attorney fees.

**Jury Demand**

11. Plaintiff demands a trial by jury.

## Conclusion and Prayer

12. Plaintiff prays that, upon final judgment, he be awarded the following from Defendants, jointly and severally:

   a. Lost wages and benefits;

   b. Liquidated damages;

   c. Compensatory damages for emotional distress, mental anguish, humiliation, and damage to reputation;

   d. Attorney fees;

   e. Costs of court;

   f. Post-judgment interest; and

   g. All other relief to which he is entitled.

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Galo Law Firm, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile: 210.616.9898
mgalo@galolaw.com
Attorney for Plaintiff
Guadalupe Castillo